**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VICTORIA DICKS, (seeking class certification) | |
|                 Plaintiff, | Docket No.:   1:22-cv-08150-LJL-VF |
|     v. | |
| BEN-AMUN CO., INC. | |
|                 Defendants. | |

### DEFENDANT BEN-AMUN'S MEMORANDUM OF LAW
### IN SUPPORT OF ITS MOTION TO DISMISS ON THE PLEADINGS

Manevitz Law Firm, LLC
801 Route 17 North, Suite 800
Rutherford, NJ  07070
Tel: (973) 594 - 6529
Fax: (973) 689 – 9529

Ben D. Manevitz

*Attorney for Defendant*

## Table of Contents

PRELIMINARY STATEMENT ............................................................................................................... 3

RELEVANT FACTUAL ALLEGATIONS ............................................................................................... 4

   I.    Standard of Review for Rule 12(c) Motion to Dismiss. ................................................................ 5

   II.   Ben-Amun.com is NOT a public accommodation covered
        by Title III of the ADA. ................................................................................................................ 6

     A.   Title III, read plainly and interpreted properly, demonstrates that
          the Ben-Amun.com website is NOT a "place of public accommodation": .................... 6

     B.   A website is not a road-side farm stand: ............................................................................ 9

   III.  Plaintiff Lacks Standing Because She Does Not PLAUSIBLY Allege
        Concrete Injury. ......................................................................................................................... 11

   IV.  On Dismissal of the Federal Claims, the Pendent State Claims
        Should Be Dismissed: ................................................................................................................ 14

CONCLUSION ......................................................................................................................................... 14

i

## Table of Authorities

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .............................................................................................. 5, 6
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) .................... 5, 6
*Burns Int'l Sec. Serv., Inc. v. Int'l Union, United Plant Guard Workers*, 47 F.3d 14 (2d Cir. 1995) 5
*Camarillo v. Carrols Corp.*, 518 F.3d 153 (2d Cir. 2008) .................................................................... 6
*Feltzin v. Stone Equities, LLC*, 2018 WL 1115135 (E.D.N.Y. Feb. 8, 2018), report and recommendation adopted, 2018 WL 1114682 (E.D.N.Y. Feb. 26, 2018) ................................. 11
*Ford v. Schering-Plough Corp.*, 145 F.3d 601 (3d Cir. 1998) ............................................................ 8
*Greyhound Exhibit Group, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155 (2d Cir. 1992) ..................... 4
*Harty v. W. Point Realty, Inc.*, 28 F.4th 435 (2d Cir. 2022) ......................................................... 3, 12
*Hayden v. Paterson*, 594 F.3d 150 (2d Cir. 2010) ............................................................................. 5
*Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, 2007 WL 2891016 (E.D.N.Y. Sept. 28, 2007) ..................................................................................................................................... 4
*Littlejohn v. City of New York*, 795 F.3d 297 (2d Cir. 2015) ............................................................. 4
*Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293 (2d Cir. 2021) ................................................ 5
*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992) ................ 12, 13
*Lynch v. City of New York*, 952 F.3d 67 (2d Cir. 2020) ..................................................................... 5
*Martinez v. MyLife.com, Inc.*, 2021 WL 505274 (E.D.N.Y. Nov. 1, 2021) ......................................... 9
*Minden Pictures, Inc. v. Buzzfeed, Inc.*, 390 F.Supp.3d 461 (S.D.N.Y. 2019) .................................... 6
*Pallozzi v. Allstate Life Ins. Co.*, 198 F.3d 28 (2d Cir. 1999) .............................................................. 8
*Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016) ................................................................................. 11
*Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104 (9th Cir. 2000) .................................... 8
*Williams v. City of New York*, 34 F.Supp.3d 294 (S.D.N.Y. 2014) ..................................................... 5
*Winegard v. Newsday LLC*, 556 F.Supp.3d 173 (S.D.N.Y. 2021) .................................................. 6, 8

**Statutes**

42 U.S.C. § 12181 ........................................................................................................................ 4, 7, 8
42 U.S.C. § 12182 ................................................................................................................................ 7

**Rules**

Fed. R. Civ. P. 12 .............................................................................................................................. 3, 5
Fed. R. Civ. P. 8 ..................................................................................................................................... 4

.

Defendant Ben-Amun Co., Inc. ("Ben-Amun" or "Defendant"), by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 12(c), moves this Court (a) to dismiss the Complaint with prejudice. As grounds therefor states as follows:

**PRELIMINARY STATEMENT**

Ben-Amun is a company which provides fashion jewelry, primarily at the wholesale level, but also retail through its website. Ben-Amun does not now operate, nor has it operated, a place of public accommodation open to the public through which any member of the public can obtain any goods or services. Plaintiff, who is blind, alleges that Ben-Amun's website is inaccessible to her, allegedly in violation of Title III of the Americans with Disabilities Act ("ADA.") In particular, Plaintiff claims to have attempted to complete a single purchase of an unidentified item, but claims she was unable to do so. Based on not being able to make this one transaction, Plaintiff asks for injunctive and declaratory relief, as well as damages.

The Court should dismiss this lawsuit for a number of reasons. First and foremost, Ben-Amun is not a "public accommodation" as that term is defined by the ADA. If Ben-Amun is not a public accommodation, its website cannot be a "place of public accommodation" as intended by the statute. In addition, Plaintiff Victoria Dicks lacks standing to prosecute this case because she has failed to plausibly allege concrete injury. Ms. Dicks is a serial ADA plaintiff and is actually a compliance "tester," visiting the Defendant's website only to determine Title III compliance and to further this and similar litigations; that purpose is insufficient to give Plaintiff standing in the Second Circuit under *Harty v. W. Point Realty, Inc.*, 28 F.4th 435 (2d Cir. 2022).

.

## RELEVANT FACTUAL ALLEGATIONS[1]

Plaintiff is a blind resident of New York County, New York. (Complaint ¶¶ 15-16.) Ben-Amun is a private company that designs and manufactures fashion jewelry for the wholesale market. The Complaint alleges that the Ben-Amun website (and only the website) offers products for online sale to individuals. (Complaint ¶¶ 18, 24-26.) The Complaint does not allege (and can not allege) that Ben-Amun makes any such offer of products to individuals except through the website.

**Nowhere** in the Complaint is there any allegation that Ben-Amun operates any sort of "brick-and-mortar" establishment offering goods or services to the public, nor does the Complaint allege anywhere that Ben-Amun has any sort of public-facing, physical presence offering goods or services to the public. That is to say, Plaintiff does not make any allegation that Ben-Amun provides a "place of public accommodation" within the definition of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181(7). Instead, Plaintiff simply alleges that the website itself is a "place of public accommodation" within that definition. (Complaint ¶ 18.) That said, Plaintiff does seem to concede that the status of the website *per se* as a "place of public accommodation" is a question to be resolved. (Complaint ¶ 47.)

---

[1] Defendant does not concede the accuracy of the allegations set forth in the Complaint; Defendant's response to those allegations as set forth in the Answer with Counterclaims. For the purposes of this motion Defendant accepts the **factual** allegations in the Complaint as true. *See, e.g.*, *Littlejohn v. City of New York*, 795 F.3d 297, 306 (2d Cir. 2015). At the same time, to the extent relevant, Defendant also treats as admitted the allegations in Defendant's Counterclaims, based on Plaintiff's default in making any reply thereto. *See*, Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied"); *See, also*, *Greyhound Exhibit Group, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)( A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages); *Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) ("[A]ll well-pleaded factual allegations in the plaintiff's complaint pertaining to liability are deemed true"). The Clerk has entered a Certificate of Default as to Counterclaims (Docket 19), and Defendant anticipates a motion to the Court shortly.

Plaintiff's Complaint centers on her alleged efforts to make a single purchase of a single, unidentified bracelet. (Complaint ¶ 10.) Plaintiff recites a litany of accessibility obstacles to her use of the website, (Complaint ¶¶ 29-34), but omits any mention of alternative mechanisms of making the purchase which may have been available to her.

## ARGUMENT

### I.  STANDARD OF REVIEW FOR RULE 12(C) MOTION TO DISMISS.

"The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that for granting a Rule 12(b)(6) motion for failure to state a claim." *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 301 (2d Cir. 2021)(quoting *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020). "To survive a Rule 12(c) motion, [the plaintiff's] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010)). Similarly, where a motion under Rule 12(c) is one for lack of standing, the Plaintiff's allegations must show by a preponderance of the evidence that jurisdiction is proper. *Williams v. City of New York*, 34 F.Supp.3d 292, 294 (S.D.N.Y. 2014).

A party may move for judgment on the pleadings "if, from the pleadings, the moving party is entitled to judgment as a matter of law." *Burns Int'l Sec. Serv., Inc. v. Int'l Union, United Plant Guard Workers*, 47 F.3d 14, 16 (2d Cir. 1995); *see also* Fed. R. Civ. P. 12(c). To survive a Rule 12(c) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

In deciding a motion to dismiss on the pleadings under Rule 12(c), the Court accepts the factual allegations set forth in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *See*, *Minden Pictures, Inc. v. Buzzfeed, Inc.*, 390 F.Supp.3d 461, 466 (S.D.N.Y. 2019). However, this principle is "inapplicable to legal conclusions," which, like the complaint's "labels and conclusions," are disregarded. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. at 555. Nor should a court "accept [as] true a legal conclusion couched as a factual allegation." *Id.* at 555.

### II.  BEN-AMUN.COM IS NOT A PUBLIC ACCOMMODATION COVERED BY TITLE III OF THE ADA.

#### A.  Title III, read plainly and interpreted properly, demonstrates that the Ben-Amun.com website is NOT a "place of public accommodation":

To state a claim under Title III, a plaintiff must allege, *inter alia,* "that defendants own, lease, or operate a place of public accommodation." *Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008). The Complaint makes the conclusory allegation that the <u>website</u> at Ben-Amun.com is such a "place of public accommodation." (Complaint ¶ 18; c.f., ¶¶ 55, 71, 88.) Those assertions, however, are made without any allegations supporting a connection between the website and a "public-facing, physical" business, entity, location, or storefront. That is to say, nothing in the Complaint pleads that Defendant itself is a entity covered under Title III. As such, the conclusory allegation is simply insufficient to plead the necessary element of Plaintiff's claims. *See*, *Winegard v. Newsday LLC*, 556 F.Supp.3d 173, 181 (S.D.N.Y. 2021).

Title III of the ADA specifically addresses discrimination by owners, lessors, and operators of public accommodations, providing that "[n]o individual shall be discriminated against on the basis of disability . . . by any person who owns, leases (or leases to), or operates

a place of public accommodation." 42 U.S.C. § 12182(a). The statute sets forth a limited list of private entities that are considered "public accommodations" for the purposes of Title III:

> (A) an inn, hotel, motel, or other place of lodging [exception here omitted];
>
> (B) a restaurant, bar, or other establishment serving food or drink;
>
> (C) a motion picture house, theater, concert hall, stadium, or other place of exhibition or entertainment;
>
> (D) an auditorium, convention center, lecture hall, or other place of public gathering;
>
> (E) a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment;
>
> (F) a laundromat, dry-cleaner, bank, barber shop, beauty shop, travel service, shoe repair service, funeral parlor, gas station, office of an accountant or lawyer, pharmacy, insurance office, professional office of a health care provider, hospital, or other service establishment;
>
> (G) a terminal, depot, or other station used for specified public transportation;
>
> (H) a museum, library, gallery, or other place of public display or collection;
>
> (I) a park, zoo, amusement park, or other place of recreation;
>
> (J) a nursery, elementary, secondary, undergraduate, or postgraduate private school, or other place of education;
>
> (K) a day care center, senior citizen center, homeless shelter, food bank, adoption agency, or other social service center establishment; and
>
> (L) a gymnasium, health spa, bowling alley, golf course, or other place of exercise or recreation.

42 U.S.C. § 1281(7).

"In order to be a place of public accommodation, a facility must be operated by a private entity, its operations must affect commerce, and it must fall within one of these 12 categories."

28 C.F.R., Part 36, Appendix C, § 36.104.  The list of categories is "exhaustive."[2]  *Id.*  The list clearly includes only places open to the public and providing "goods or services" to the public.  "The limitation emerging from [§ 1281(7)] is unmistakable.  The definition contains twelve subparagraphs, each followed by a general residual clause.  Those subparagraphs contain a total . . . of fifty specific examples.  Of those fifty examples, at least forty-nine indisputably relate to physical places."[3]  *Winegard*, 556 F.Supp.3d at 176-77.  "The limitation to the physical was obviously deliberate.  Congress could easily have said, 'all businesses operating in interstate commerce,' or referred to all 'retail' or 'service' operations."  *Id.* at 177.

Further, the fact that representative examples within each category are limited to physical places implies strongly that the residual clauses attached to the examples were to be limited in the same way.  "These general clauses must be read in light of the specific lists they follow.  The maxim *ejusdem generis* teaches that a residual clause's meaning should be confined to the characteristics of the specific items listed before it."  *Id.* at 179.

The Second Circuit has not made a clear determination on this issue.[4], the courts in other circuits have come to similar conclusions.  *See*, *e.g.*, *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000) ("All the items on this list ... have something in common. They are actual, physical places...."); *Ford v. Schering-Plough Corp.*, 145 F.3d 601, 614 (3d Cir. 1998) ("Pursuant to the doctrine of *noscitur a sociis* ... we do not find the term `public

---

[2] Defendant does not rely here on the representative examples within each category, which are not similarly "exhaustive."  28 C.F.R., Part 36, Appendix C., § 36.104.

[3] The fiftieth example similarly relates to physical places, but not indisputably so.  *See*, *Winegard*, 556 F.Supp.3d at 177 n.1.

[4] The decision in *Pallozzi v. Allstate Life Ins. Co.*, 198 F.3d 28 (2d Cir. 1999) does not constitute such guidance, and does not compel an conclusion different from the one Defendant propounds.  *See*, *Winegard*, 556 F.Supp.3d at 180-182.

accommodation' or the terms in 42 U.S.C. § 12181(7) to refer to non-physical access or even to be ambiguous as to their meaning.").

The logic is intractable:  In order for Plaintiff to make its case, the website Ben-Amun.com must fall within one of these categories, so as to be considered a "place of public accommodation."  See, *Martinez v. MyLife.com, Inc.*, 2021 WL 505274 at *2 (E.D.N.Y. Nov. 1, 2021).  Plaintiff (apparently) contends that the website falls into the residual clause of § 1281(7)(E), "…or other sales . . . establishment."  (See, Complaint ¶ 55; c.f., ¶ 18).  "However, the plain text of the statute contemplates inclusion of only businesses with a phsyical location." *Martinez*, at *2.  The representative examples set forth in that category  -- to wit, "a bakery, grocery store, clothing store, hardware store, shopping center" -- are all among those "indisputably" related to physical places.  *Id.*  There is no reason to imagine that the residual clause suddenly departs from that limitation.

### B. A website is not a road-side farm stand:

The Department of Justice provides instructive clarification:

> Several commenters requested clarification as to the coverage of wholesale establishments under the category of "sales or rental establishments." The Department intends for wholesale establishments to be covered under this category as places of public accommodation except in cases where they sell exclusively to other businesses and not to individuals. For example, a company that grows food produce and supplies its crops exclusively to food processing corporations on a wholesale basis does not become a public accommodation because of these transactions. If this company operates a road side stand where its crops are sold to the public, the road side stand would be a sales establishment covered by the ADA. Conversely, a sales establishment that markets its goods as "wholesale to the public" and sells to individuals would not be exempt from ADA coverage despite its use of the word "wholesale" as a marketing technique.
>
> Of course, a company that operates a place of public accommodation is subject to this part only in the operation of that place of public accommodation.

> In the example given above, the wholesale produce company that operates a road side stand would be a public accommodation only for the purposes of the operation of that stand.

28 C.F.R., Part 36, Appendix C, § 36.104.

The necessary connection to a physical establishment is clear. The "company that grows food produce," because it does not have a public-facing element (it sells exclusively to other businesses and not to individuals), is NOT a "public accommodation" under Title III. *Id.* Title III is only relevant when that company "operates a road-side stand where its crops are sold to the public." *Id.* Even in that circumstance, the rubric of Title III is only applicable to the physical place – the road side stand. *Id.*

In the instant case, the Complaint is conspicuously barren of any allegation that could put Defendant Ben-Amun in a position different from the food production company in the example.[5] Plaintiff does not (and can not) allege that Ben-Amun operates any physical, public-facing location. Ben-Amun itself is (like the food production company above) not covered under Title III and the Ben-Amun.com website, without an connection or nexus to a physical place or a covered entity, is simply **not** a "place of public accommodation" as intended by Title III.

In sum, Defendant Ben-Amun does not maintain a public-facing, physical presence, and is not covered by much of Title III. More importantly, the Ben-Amun.com website, standing alone and without any connection to a physical space, is not a "place of public accommodation" under the statutory scheme. The Complaint should be dismissed.

---

[5] A positive assertion here that Ben-Amun does sell exclusively to other businesses and not to individuals would require evidentiary support which would likely constitute "matters outside the pleadings." In an effort to avoid conversion of this Motion to a Rule 56 motion for summary judgment, *see*, Fed. R. Civ. P. 12(d), Defendant does *not* here make that assertion, instead relying on the absence in the Complaint of the necessary allegations to the contrary.

At its core, Ben-Amun's contention is straightforward: A website, standing alone, is not a "place of public accommodation" under the statute unless the website has some connection to a physical place; it is the physical space that would bring Defendant Ben-Amun under the aegis of the ADA in the first place.

### III. PLAINTIFF LACKS STANDING BECAUSE SHE DOES NOT PLAUSIBLY ALLEGE CONCRETE INJURY.

For purposes of constitutional standing "[a]n injury in fact must [not merely be particularized, it must] also be 'concrete.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016). Thus, "Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* at 1549. Rather, "Article III standing requires a concrete injury even in the context of a statutory violation. For that reason, [a plaintiff] could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id.*

A "tester" is an individual who seeks out and sues businesses for alleged violations of the ADA. *Feltzin v. Stone Equities, LLC*, 2018 WL 1115135, at *9 (E.D.N.Y. Feb. 8, 2018), report and recommendation adopted, 2018 WL 1114682 (E.D.N.Y. Feb. 26, 2018). The tester does not visit a website to actually use the services or purchase the goods offered there; rather the purpose is only to test the website for compliance and to mulct the owner for compensation.

The Second Circuit has recently made explicit that a mere "tester" is not subject to "concrete harm" sufficient to satisfy the injury-in-fact requirement for Article III standing. *See*, *Harty v. West Point Realty, Inc.*, 28 F.4th 435, 443 (2022). Further, allegations that a plaintiff anticipates revisiting a particular website "in the near future" to "utilize the website…" is similarly not sufficiently imminent to create an injury in fact. *Id.* "Such 'some day' intentions – without any description of concrete plans, or indeed even any specification of when the some day will be – do not support a finding of the 'actual or imminent' injury" that Article III requires." *Id.* (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 564, 112 S. Ct. 2130, 2138, 119 L. Ed. 2d 351 (1992)).

Plaintiff's allegations concerning an intention to return to the Ben-Amun.com website in the future is limited to one allegation, to wit: "Moreover, Plaintiff intends on visiting the Website in the future in order to make additional potential purchases of earrings and other products from Ben-amun.com. Plaintiff enjoys the various selections of jewelry, and would like to order products to be shipped directly to her home from Defendant's website." (Complaint ¶ 37.) That allegation is precisely that described by the *Harty* court: a "some day" intention without any concrete specification.

Defendant concedes that two of the allegations in the Complaint do allege – on their face – the sort of use of the website that might be seen to support standing. Paragraph 10 alleges, "Plaintiff browsed and intended to make an online purchase of a bracelet on Ben-amun.com."[6] Paragraph 36 alleges, in relevant part, that "Plaintiff, VICTORIA DICKS has made numerous attempts to complete a purchase on Ben-Amun.com, most recently on September

---

[6] Nothing in that allegation actually states that Plaintiff was prevented from making such a purchase.

16, 2022, but was unable to do so independently because of the many access barriers on Defendant's website. . . . Plaintiff was unable to make an online purchase of a bracelet."

In order to survive a challenge to standing, however, a plaintiff must allege facts that affirmatively **and plausibly** suggest that it has standing to sue." *Lujan*, 504 U.S. at 561.  Here, Plaintiff's allegations are not plausible.

In adjudicating a Rule 12(c) motion, the court examines the complaint, the answer . . . and any items of which the court may take judicial notice. *L-7 Designs, Inc. v. Old Navy LLC*, 647 F.3d 419, 422 (2d Cir. 2011).  It is appropriate, when necessary, for the Court to take judicial notice, for instance, of prior complaints and legal proceedings. *Staehr v. Hartford Financial Services Group, Inc.*, 547 F.3d 406, 425 (2d Cir.2008).

Plaintiff Victoria Dicks is the named plaintiff in at least 58 other cases (besides the instant one) in the Southern District of New York, each of which is essentially the same as the instant case, except for naming different defendants.  (Answer ¶ 116.)  The complaints in each of these cases is available on the PACER system.  Defendant asks that the Court take judicial notice of these various complaints.

In at least eight of the complaints[7] in the other cases, Plaintiff Victoria Dicks alleges that she made "numerous attempts to complete a purchase on the [website in question], most recently on September 16, 2022."  That is the same date as Plaintiff alleges to have visited Ben-Amun.com for a similar purpose.  For context, Defendant notes that in 19 of the other complaints,[8] Plaintiff was similarly busy on July 18, 2022.

---

[7] Defendant can provide a listing of which actions and which paragraphs make the allegations in question, if same is necessary.
[8] Id.

Seen in that context, Plaintiff's allegations that she is anything but a "tester" are simply not plausible. Plaintiff has suffered no injury in fact, nor does Plaintiff anticipate imminent injury for its "some day" intentions to revisit the website. *Spokeo* and *Harty* squarely apply to this case, barring Plaintiff from bringing her claims.

**IV.  ON DISMISSAL OF THE FEDERAL CLAIMS, THE PENDENT STATE CLAIMS SHOULD BE DISMISSED:**

This Court's jurisdiction over the other (NY state) claims is supplemental to its (alleged) jurisdiction over the federal claims. Defendant respectfully encourages the Court to dismiss the pendent claims on dismissal of the federal claims. *See*, *Winegard* at 183.

## CONCLUSION

For all the foregoing reasons, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety, with prejudice, and grant such further relief as this Court deems just and proper.

Dated:     February 6, 2023                    Respectfully Submitted,

/s/Ben D Manevitz/

Ben D. Manevitz
Manevitz Law Firm, LLC
Attorney for Defendant
801 Route 17 North, Suite 800
Rutherford, NJ  07070
ben@manevitzlaw.com
tel: (973) 594 - 6529
fax: (973) 689 - 9529